UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMY KASALO, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: 1:12-cv-02900 |
| TRIDENT ASSET MANAGEMENT, L.L.C. and OPS 10 L.L.C., | ) ) Judge Matthew F. Kennelly ) ) |
|     Defendants. | ) |

**DEFENDANT TRIDENT ASSET MANAGEMENT, LLC'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now Comes, Trident Asset Management, LLC ("Trident" and/or "Defendant"), Defendant in the above-referenced action and files this Answer in response to the Plaintiff's First Amended Complaint as follows:

**VENUE AND JURISDICTION**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337, and 1367.

**ANSWER:** **Defendant admits that Plaintiff's claims asserted under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., raise federal questions.**

2. Venue in this District is proper because Defendants do business here.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.**

**PARTIES**

3. Plaintiff, Tommy Kasalo, ("Plaintiff") is an individual and resident of the State of Illinois, who is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.**

4.     Defendant, Trident Asset Management, L.L.C., ("Trident") is a Georgia Limited Liability Company, that acts as a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA, and is engaged in the business of collecting debts in this State where Trident regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another, and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

**ANSWER:     Defendant admits its status as a limited liability company organized under the law of the State of Georgia, that a purpose of its business is the collection of unpaid accounts, and that uses the mails and telephone in furtherance of these efforts. Defendant further admits that in certain circumstances it may meet the definition of "debt collector" as that term is defined in the FDCPA.**

5.     In fact, Trident was acting as a debt collector as to the delinquent consumer debt it was attempting to collect from the Plaintiff.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's account meets the definition of a "debt" as that term is specifically defined in the FDCPA.**

6.     Defendant, OPS 10 L.L.C. ("OPS"), is a Georgia Limited Liability Company, that acts as a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) of the

FDCPA, and is engaged in the business of collecting debts in this State where OPS regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another, and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.**

7. OPS is a debt buyer that specializes in the purchase, management and collection of defaulted consumer receivables for collection.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.**

## FACTS

8. More than 10 years ago, Plaintiff had an account with Columbia House DVD which he used to obtain goods for personal, family and household purposes ("alleged debt"). The obligation to pay money was thus a "debt" as that term is used in 15 U.S.C. § 1692a(5) of the FDCPA.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.**

9. Upon information and belief, Plaintiff does not owe any balance for the goods that he obtained from Columbia as he paid the alleged debt in full long ago.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.**

130403393v1 0934792

10. On March 28, 2012 Plaintiff obtained a copy of his TransUnion credit report. Said report contained derogatory information first furnished by Trident to TransUnion on March, 2010, and thereafter reported to TransUnion on a monthly basis to March 2012. Said report states that Plaintiff has a past due balance of $118. Said report further states that the account is scheduled to continue on record until November 2015. (Exhibit A, Pertinent part of Plaintiff's TransUnion credit report).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.**

11. On March 30, 2012, Plaintiff placed a telephone call to Trident's telephone number of 866-695-8893. Said call was answered by an agent or employee of Trident that identified herself as "Teresa". Teresa told Plaintiff that an "Introductory Package" of DVDs were sent to Plaintiff on January 2, 2008. Teresa also told Plaintiff that he owed a balance on the account of $117.70. Plaintiff told Teresa that he did not owe the alleged debt. In response, Teresa said that to dispute the debt, he would have to send Trident a letter with his account number and explain why he believed he did not owe the alleged debt. Plaintiff thereafter ended the call.

**ANSWER:** **Defendant admits that it received a telephone call from an individual who identified himself as the Plaintiff on March 30, 2012. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.**

12. Teresa's conversation with Plaintiff on March 30, 2012 was the "initial communication" with Plaintiff in connection with the collection of the alleged debt.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.**

4

13. Bewildered by the conversation that had just ensued, Plaintiff again called Trident a few minutes later and was again connected to an employee or agent who identified herself as Teresa. Upon being connected, Plaintiff asked Teresa what DVDs he allegedly received with his "Introductory Package". Teresa could not answer. Plaintiff again stated that he did not owe the debt, at which time Teresa verified Plaintiff's address and the alleged date that the "Introductory Package" was sent. Plaintiff terminated the call.

**ANSWER:** **Defendant admits that it received a telephone call from an individual who identified himself as Plaintiff on March 30, 2012. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.**

14. On April 14, 2012, Plaintiff received a letter from Trident dated April 9, 2012 that had been sent on April 10, 2012. (Exhibit B, Letter and envelope from Trident).

**ANSWER:** **Defendant admits that it sent the letter attached as Exhibit B to Plaintiff's First Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.**

15. Said letter states that Plaintiff owes a "Balance Due" of $117.70 to "OPS 10, LLC", which is identified as the "current creditor" of the alleged debt. (Exhibit B, Letter and envelope from Trident). This statement is false.

**ANSWER:** **Defendant asserts that the content of the letter attached as Exhibit B to Plaintiff's First Amended Complaint speak for itself. Defendant denies that the content of the letter attached to Plaintiff's First Amended Complaint as Exhibit is false.**

130403393v1 0934792

16. Said letter sent on April 10, 2012 was sent to Plaintiff more than five days after the initial communication with Plaintiff; which occurred on March 30, 2012.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to whether the "initial communication" between Plaintiff and Defendant occurred on March 30, 2012 and further lacks knowledge or information sufficient to form a belief as to the authenticity of the envelope attached to Plaintiff's First Amended Complaint as Exhibit B which forms the basis of Plaintiff's claim that the correspondence contained in Exhibit B was mailed on April 10, 2012.**

17. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. *Mendez v. MRS. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002).

**ANSWER:** **Defendant denies that Plaintiff has accurately and/or completely stated the law.**

18. Credit reporting by a debt collector constitutes an attempt to collect a debt. See, e.g., *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder"). Debt collectors frequently will threaten to harm the consumer's credit as a cost effective way to coerce payment of a small debt.

**ANSWER:** **Defendant denies that Plaintiff has accurately and/or completely stated the law.**

19. The FDCPA provides that it is unlawful for a debt collector to communicate or threaten to communicate to any person credit information which is known or which should be

known to be false, "including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

**ANSWER: Defendant denies that Plaintiff has accurately and/or completely stated the law.**

20. The FDCPA does not require the consumer to dispute the debt in writing in order to invoke the protections of 15 U.S.C. § 1692e(8). See, e.g., *Brady v. The Credit Recovery Company, Inc.*, 160 F. 3d 64 (1st Cir. 1998).

**ANSWER: Defendant denies that Plaintiff has accurately and/or completely stated the law.**

21. It is unlawful for a debt collector to threaten to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

**ANSWER: Defendant denies that Plaintiff has accurately and/or completely stated the law.**

22. It is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

**ANSWER: Defendant denies that Plaintiff has accurately and/or completely stated the law.**

23. Trident and its employee made false statements to Plaintiff regarding his rights to dispute the alleged debt as afforded by the FDCPA.

**ANSWER: Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.**

130403393v1 0934792

24. Trident and its employee falsely stated to Plaintiff that to dispute the alleged debt with Trident, he would have to send Trident a letter stating the reason for his dispute. Trident has a pattern and practice of falsely informing consumer debtors that to dispute a debt with Trident, the consumer debtor was required to send a letter to Trident providing a reason for the dispute.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.**

25. OPS and Trident are related by common ownership and management, they operate from the same office, and they share the same office equipment and files.

**ANSWER:** **Defendant admits that it operates from the same office as OPS 10, LLC. Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.**

26. OPS hired Trident to collect the alleged debt from Plaintiff. Because of the small amount of money involved, Trident's business model was to make no effort to contact Plaintiff regarding the alleged debt. Instead, Trident chose to wait until Plaintiff saw Trident reporting on his credit, at which time Trident would agree to remove its tradeline from Plaintiffs credit report in exchange for payment.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.**

27. The FDCPA states in relevant part:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents.**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is

8

contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty- day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**ANSWER:** **Defendant denies that Plaintiff has accurately and/or completely stated the law.**

28. Trident failed to send Plaintiff a timely notice of his rights as required by the FDCPA, 15 U.S.C. § 1692g(a).

**ANSWER:** **Defendant denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.**

29. The Fair Credit reporting Act ("FCRA") makes it unlawful for a consumer reporting agency to make a consumer report containing, information that is so old as to be considered "obsolete." Specifically, no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681 c(a)(4). The running of the seven year period begins "upon the expiration of the 180-day period beginning on the date

9

of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

**ANSWER:** **Defendant denies that Plaintiff has accurately and/or completely stated the law.**

30. The alleged debt is more than ten years old and, assuming but not conceding that it is delinquent, said delinquency would have occurred more than ten years ago.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.**

31. Trident nonetheless falsely and inconsistently reports that the account is scheduled to continue on record until Nov 2015 on Plaintiffs March 2012 Experian report, and until January 2016 on Plaintiffs March 2012 TransUnion report.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.**

32. Trident has unlawfully caused obsolete information regarding the alleged debt to appear on Plaintiffs consumer report in order to coerce payment of the alleged debt. (Exhibit A, Pertinent part of Plaintiff's TransUnion credit report).

**ANSWER:** **Defendant denies the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.**

33. As stated, the FDCPA proscribes "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

**ANSWER:** **Defendant denies that Plaintiff has completely and/or accurately stated the law.**

34. Trident communicated false credit information when it reported the alleged debt to the TransUnion and Experian credit reporting agencies as if it were a valid debt that was still within the period allowed for reporting under the FCRA.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.**

35. Plaintiffs Experian report states under the Trident tradeline that "This account is scheduled to continue on record until Nov 2015. (Exhibit C, Pertinent part of Plaintiff's Experian credit report).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint. Further, as Plaintiff has attached only a portion of the purported Experian report as Exhibit C to its First Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the authenticity of Plaintiff's Exhibit C.**

36. The information on Plaintiffs Experian report contrasts with that reported on Plaintiffs TransUnion report, which states that the information will not be removed until "01/2016".

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.**

37. The Trident employee who spoke to Plaintiff on March 28, 2012 intended to speak the words that she spoke to Plaintiff.

11

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.**

38. OPS is liable for the acts and omissions of Trident and Trident's employees, committed in connection with efforts to collect the alleged debt from Plaintiff (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

**ANSWER:** **Defendant denies that Plaintiff has completely and/or accurately stated the law.**

39. Plaintiff informed Trident and OPS that he disputes the alleged debt on repeated occasions starting with his telephone conversation with a Trident agent or employee on March 30, 2012.

**ANSWER:** **Defendant acknowledges that it spoke with Plaintiff on three occasions beginning on March 30, 2012 via telephone communication initiated by Plaintiff. Defendant further acknowledges that it marked Plaintiff's account as disputed on March 30, 2012.**

40. Trident first received notice of Plaintiff's dispute on March 30, 2012.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.**

41. Despite the fact that Trident received notice from Plaintiff that he disputes the alleged debt, Trident thereafter continued to report credit information regarding the alleged debt to the Experian credit reporting agency without also reporting that the alleged debt was disputed by Plaintiff.

130403393v1 0934792

**ANSWER:** **Defendant denies the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.**

42. In fact, Trident did not report the fact of Plaintiff's dispute of the alleged debt to Experian until May 24, 2012.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.**

43. 15 U.S.C. § 1692e(8) provides that the following is a violation of the FDCPA:

> **Communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed.**

**ANSWER:** **Defendant denies that Plaintiff has completely and/or accurately stated the law.**

44. By communicating credit information regarding the alleged debt to the Experian credit reporting agency after Plaintiff communicated his dispute of the alleged debt, without also reporting that the alleged debt has been disputed by the Plaintiff, Trident and OPS violated 15 U.S.C. § 1692e(8).

**ANSWER:** **Defendant denies the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint as written.**

45. Trident continues to report the alleged debt to the Experian credit reporting bureau as if it were a valid debt, that is due and owing. (Exhibit D, Plaintiffs Experian report excerpt showing Trident tradeline as reported on July 16, 2012).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the accuracy, completeness, and veracity of the document attached to Plaintiff's First**

**Amended Complaint as Exhibit D. As such, the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint are denied.**

46. Trident continues to deceptively report the alleged debt to the Experian credit reporting bureau as having a "Date Opened" date on "03/2010". (Exhibit D, Plaintiff's Experian report excerpt showing Trident tradeline as reported on July 16, 2012).

**ANSWER: Defendant denies the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.**

47. Plaintiff's Experian report dated July 16, 2012 reports a tradeline for the alleged debt which does not state that Plaintiff has disputed the alleged debt. (Exhibit D, Plaintiffs Experian report excerpt showing Trident tradeline as reported on July 16, 2012).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the accuracy, completeness, and veracity of the document attached to Plaintiff's First Amended Complaint as Exhibit D. As such, the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint are denied.**

48. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER: The statements contained in Paragraph 48 of Plaintiff's First Amended Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent a response is necessary, Defendant denies that Plaintiff has accurately and/or completely stated the law.**

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 4 1692 et seq.

49. Plaintiff incorporates paragraphs 1-48.

**ANSWER: The statements contained in Paragraph 49 of Plaintiff's First Amended Complaint require no response on the part of Defendant.**

50. In its attempts to collect the debt allegedly owed by Plaintiff, Defendants violated the FDCPA, 15 U.S.C. § 1692 in one or more of the following ways:

   a) Defendants violated 15 U.S.0 § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendants violated 15 U.S.0 § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c) Defendants violated 15 U.S.0 § 1692e(2) by misrepresenting the character, amount, and legal status of the alleged debt;

   d) Defendants violated 15 U.S.0 § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including by failing to communicate that the disputed alleged debt is disputed;

   e) Defendants violated 15 U.S.0 § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff, including by falsely and unfairly telling Plaintiff he was required to communicate the reason for his dispute of the alleged debt via letter; and

   f) Defendants violated 15 U.S.0 § 1692g by failing send Plaintiff a written notice within 5 days after the initial communication with Plaintiff that comports with the requirements of 15 U.S.0 § 1692g;

**ANSWER: Defendant denies the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint including each and every subpart/sub-paragraph thereof.**

51. **There is no question for this number.**

15

**ANSWER:** Defendant denies all remaining allegations contained in Plaintiff's First Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

### FOURTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's First Amended Complaint as follows:

WHEREFORE, Defendant prays that Plaintiff's First Amended Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff

be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

This 8th day of August, 2012          Respectfully submitted,

                                                 TRIDENT ASSET MANAGEMENT, LLC

                                                 s/ *Nicholas D. O'Conner*
                                                 Nicholas D. O'Conner

David M. Schultz
Nicholas D. O'Conner
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
noconner@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2012, I electronically filed the above and foregoing **ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service on all parties of record.

                                                   s/ *Nicholas D. O'Conner*
                                                   Nicholas D. O'Conner

130403393v1 0934792