UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMY KASALO, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 1:12-cv-02900 |
| v. ) | |
| ) | Judge Matthew F. Kennelly |
| TRIDENT ASSET ) | |
| MANAGEMENT, L.L.C. and ) | |
| OPS 10 L.L.C., ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT TRIDENT ASSET MANAGEMENT, L.L.C's AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Plaintiff, Tommy Kasalo, by and through its attorneys, The Law Office of M. Kris Kasalo, Ltd, respectfully moves this Court pursuant to Fed. R. Civ. P. 12(f) to strike portions of Defendant Trident Asset Management, L.L.C.'s Answer to Plaintiff's First Amended Complaint. Plaintiff states the following in support of its motion:

1. Plaintiff filed the instant action on April 19, 2012. (Doc.#1, Complaint).

2. On July 23, 2012, Plaintiff filed his First Amended Complaint against Defendants. (Doc.#21, First Amended Complaint).

3. On August 8, 2012, Defendant filed its Answer to Plaintiff's first Amended Complaint. (Doc.#23, Defendant Trident's Answer to First Amended Complaint).

4. Defendant's Answer does not comply with either Fed. R. Civ.P. 8 or 11, and should thus be stricken.

5. Specifically, Defendant's Amended Answer—**filed well over five months since the genesis of this action**—asserts that it "lacks knowledge or information" on the following readily answerable matters: whether venue is proper; whether Defendant does business in this

1

District; its corporate status; whether Plaintiff's indebtedness is a debt; whether it was acting as a debt collector in this matter; the substance of any of the phone conversations between Plaintiff and Defendant; the date upon which it sent the collection letter attached as Exhibit B; the date of Defendant's initial communication with Plaintiff; whether Exhibit B, which was drafted and sent by Defendant, was sent more than 5 days after Defendant's initial communication with Plaintiff; and even whether the envelope sent by and from Defendant, attached to Plaintiff's Amended Complaint as Exhibit B, is authentic. (see, e.g., Doc.#23, Amended Answer ¶¶ 2, 5, 8, 11, 12, 13, 14, 15, 16).

6. After disavowing matters that are readily answerable and necessarily within Defendant's knowledge that bear directly on whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., Defendant somehow thereafter denies that any violations occurred. (see, e.g., Doc.#21, Amended Complaint ¶50). Defendant's counsel cannot be allowed to advance the client's lack of knowledge and information sufficient to form a belief as to readily ascertainable information and still, in the objective good faith required by Fed. R. Civ.P. R. 11(b), deny the violations alleged in ¶ 50 of the Amended Complaint. See *Hyatt v. Experian*, 2010 U.S. Dist. LEXIS 109336 (N.D.Ill. 2010).

7. For example, Plaintiff has alleged, *inter alia*, that Defendant has violated 15 U.S.C. §1692g(a), which requires that "within five days after the initial communication with a consumer in connection with the collection of any debt" a debt collector shall send a consumer a written notice containing the "validation rights" that a consumer is afforded under 15 U.S.C. §1692g(a). (Doc.#21, Amended Complaint, ¶¶28, 50(f)).

8. Defendant has denied that it has violated 15 U.S.C. §1692g. (Doc.#23, Amended Answer ¶¶28, 50).

2

9.   Moreover, Defendant has alleged as a Second Affirmative Defense, as follows:

**Any act or omission by defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. §1692k(c).**

(Doc.#23, Amended Answer, page 16)

10.   Since Defendant has alleged that, even five months after the filing of the Complaint, it knows neither the date of the "initial communication" with the Plaintiff (Doc.#23, Amended Answer, ¶ 12), nor the date upon which it sent Plaintiff the written notice required by 15 U.S.C. §1692g(a) (Doc.#23, Amended Answer, ¶ 14) , it cannot also be heard to assert the affirmative defense that it has procedures in place to prevent violation of this section, i.e., that it has procedures in place to insure that a written validation notice is sent to a consumer within five days of its initial communication with said consumer. It cannot credibly assert a defense when it does not seem to keep a record, or know, either the date of initial communication with a consumer, or the date upon which a letter containing a 1692g notice was sent to a consumer.

11.   At the least, any procedure claiming to be adapted to prevent violation of this section would require that both the date of the initial communication, and the date a written notice compliant with 15 U.S.C. §1692g(a) was sent, be memorialized in Defendant's record-keeping system. Defendant in effect is stating "I don't know any of the facts relevant to the defense, but I know that the defense exists"—an impermissible combination.  Further, with the Complaint's allegations being accepted as true, as must be done for affirmative defense purposes, Defendant does not explain why its claimed procedures did not prevent the violations

3

alleged by Plaintiff. See *Beigl v. Northwest Collectors*, 2012 U.S. Dist. LEXIS 28675 (N.D. Ill. 2012). For these reasons, Defendant's Second Affirmative Defense of *bona fide error* should thus be stricken.

12. Similarly, Defendant has asserted that it does not know the substance **of any** of the conversations that occurred between itself and the Plaintiff. (Doc.#23, Amended Answer, ¶¶10-13). Despite its admitted lack of knowledge as to what was said during these conversations, Defendant has denied that it has made any statements to Plaintiff which violate the FDCPA. (Doc.#23, Amended Answer, ¶¶23-24).

13. Defendant cannot be allowed to have it both ways. In other words, Defendant's counsel cannot advance its client's lack of knowledge and information sufficient to form a belief as to the paragraphs alleged by Plaintiff that state the substance of Defendant's statements to Plaintiff and still, in the objective good faith required by Rule 11(b), deny the allegations of wrongdoing stemming from those same statements asserted in Plaintiff's Amended Complaint, ¶¶23-24. Defendant's Answers must therefore be stricken as insufficient.

14. Finally, Defendant has asserted, as its Third Affirmative Defense, that "Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration." (Doc.#23, Amended Answer, Third Defense).

15. Fed.R.Civ.P. 8, however, provides as follows:

c) Affirmative Defenses.

(1) *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

- accord and satisfaction;
- **arbitration <u>and</u> award;**
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;

- fraud;
- illegality;
- injury by fellow servant;
- laches;
- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

Fed.R.Civ.P. 8(c)(1) (emphasis added).

16. Plaintiff's claims have not been resolved by arbitration. Accordingly, Defendant's assertion of the existence of an arbitration agreement by itself, *without award*, as an affirmative defense is improper. Defendant's Third Affirmative Defense should thus be stricken.

WHEREFORE, Plaintiff prays for the following:

a) That Defendant's Amended Answers to ¶¶ 2, 5, 8, 11, 12, 13, 14, 15, and 16 be stricken as being readily answerable and necessarily within Defendant's knowledge, and thus insufficient as asserted;

b) That Defendant's Second and Third Affirmative Defenses be stricken; and,

c) For any other and further relief this Court deems just.

Respectfully submitted,

Tommy Kasalo

By: s/ Mario Kris Kasalo
Attorney for Plaintiff

**The Law Office of M. Kris Kasalo, Ltd.**
**"A Consumer Protection Law Firm"**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

**CERTIFICATE OF SERVICE**

I, Mario Kris Kasalo, an attorney, certify that I shall cause to be served a copy of **PLAINTIFF'S MOTION TO STRIKE DEFENDANT TRIDENT ASSET MANAGEMENT, L.L.C's AMENDED ANSWER AND AFFIRMATIVE DEFENSES** in this case that will be served via the method stated below, upon the following, on September 25, 2012:

| | |
|---|---|
| __X_ CM/ECF<br>____ Facsimile<br>____ Federal Express<br>____ UPS<br>____ Mail<br>____ Messenger<br>____ Email<br>____ USPS Mail | *Attorney(s) for Defendant(s)*<br>David M. Schultz<br>Nicholas D. O'Conner<br>Hinshaw & Culbertson, LLP<br>222 N. LaSalle Street, Suite 300<br>Chicago, IL 60601<br>Tel: 312-704-3200 |