IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMY KASALO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12 C 2900 |
| ) | |
| TRIDENT ASSET MANAGEMENT, ) | |
| LLC and OPS 10 LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Tommy Kasalo sued Trident Asset Management, LLC and OPS 10 LLC under the Fair Debt Collection Practices Act, asserting a number of claims arising from their attempt to collect a debt from him in 2012. He prevailed against Trident after accepting an offer of judgment following more than two years of litigation, and he has now petitioned for attorney's fees under the FDCPA. Kasalo was represented by his brother Mario Kasalo, so to keep things simple the Court will refer to them by the descriptive titles "plaintiff" and "counsel."

**Background**

As indicated above, plaintiff sued two defendants, Trident and OPS, concerning their efforts to collect a debt from him. After discovery was completed, the Court granted summary judgment in favor of OPS on the ground that it is not a debt collector within the meaning of the FDCPA. On plaintiff's claims against Trident, the Court granted summary judgment in favor of Trident on three of them but granted summary

judgment in plaintiff's favor as to liability on three others. Plaintiff conceded that he could not prove "actual" damages; instead, he sought only statutory damages under the FDCPA. Because all of his claims arose from the same collection attempt, plaintiff's maximum statutory award was $1,000. After the Court's summary judgment ruling, Trident made an offer of judgment in the amount of $1,000 plus reasonable attorney's fees and costs pursuant to the FDCPA through August 16, 2014, with the amount to be determined by the Court. Plaintiff accepted the offer, and the Court entered judgment against Trident based on the terms of its offer of judgment.

The description the Court gave makes the litigation sound quite simple. In fact, however, it was not all that simple. The defendants initially filed an answer that included a number of deficiencies, and plaintiff reasonably filed a motion to strike it. When it became apparent that the defendants were denying liability, plaintiff amended his complaint, twice, to ensure that he was asserting viable claims. The defendants opposed one of these motions, and plaintiffs was required to file briefs to persuade the Court to allow him to amend. The defendants asserted a "bona fide error" defense, and this, and other denials in their answer, required plaintiff to take several depositions. There were also several discovery disputes that had to be litigated.

In addition, during the course of discovery, defendants admitted a key point, and plaintiff ultimately moved for summary judgment based in significant part on this admission. Defendants then moved to withdraw the admission. Plaintiff reasonably opposed the request, which required further briefing. When the Court permitted defendants to withdraw the admission—conditioning this on their payment of the reasonable fees for work that plaintiff had to redo—plaintiff was required to revise and

2

refile his summary judgment materials. Extensive briefing of the parties' cross-motions for summary judgment followed. All told, the litigation lasted about two years from filing through the completion of briefing on the summary judgment motions.

With the likely maximum damages capped at $1,000 under the FDCPA, one might wonder why the case was not settled at a far earlier stage. Prior to the initial scheduling conference, the Court, pursuant to its usual practice, directed the parties to exchange settlement proposals. Plaintiff, through counsel, made a settlement demand of $5,000, which included attorney's fees and expenses of $4,000. One might think this was on the high side given the early stage of the litigation. But in fact it was not, based on the work counsel had put into the case by that point. Through July 3, 2012, the date plaintiff made his initial demand of $5,000, counsel had put in 8.15 hours of time, for a total of $2,852.50 at his requested pre-2014 rate of $350 per hour; counsel's law clerk / paralegal had put in 2.4 hours of time, for a total of $240 at the requested rate of $100 per hour; and expenses had been incurred of $350 for the filing fee and $85 to obtain service, for another $435. The sum of these amounts is $3,527.50. Added to the $1,000 in recoverable statutory damages, that would total $4,527.50. If one figured in the time it would have taken for counsel, upon settlement, to review a draft release and obtain plaintiff's signature—time that reasonably would be built into an initial settlement demand—the total likely would be right at the $4,000 in fees and expenses plaintiff sought in his initial demand. Thus the initial settlement demand of $5,000 was not unreasonably high.

Plaintiff made his initial settlement demand of $5,000 just before the parties' initial conference with the Court, so defendants asked for time to respond. However, as

counsel reported to the Court at the next conference, defendants ended up making no initial offer in response to the initial demand. After learning that defendants were not making an offer, plaintiff's counsel prepared and filed an amended complaint. As a result, before the second conference with the Court, plaintiff's settlement demand increased, but only a bit, to $5,750. (As before, this was no higher than statutory damages of $1,000 plus the attorney and law clerk time and expenses counsel had put into the case at that point.) In response, the defendants offered $3,000. Plaintiff countered with $5,500. And that, it appears, is where the negotiations stopped. Defendants made no counterproposal and stood pat at $3,000. It was not unreasonable for plaintiff to decline to accept that offer.

Given the foreseeable cost of litigating the case through to its conclusion, one might question why the defendants did not make a higher offer and indeed why they did not accept plaintiff's initial demand of $5,000 or even his later demand of $5,500. If—as the Court assumes is the case—defendants believed that the requested fee was too high, it is even more curious that they did not make an offer of judgment for the maximum statutory award of $1,000 plus reasonable fees to be determined by the Court—as they ultimately did two years later, after they lost on summary judgment. For whatever reason, however, defendants did not do that back in 2012. Rather, they chose to stand and fight. And by fighting, they ended up spending about $150,000, representing about 600 hours of attorney time at various rates.

If defendants had made an offer of judgment at or near the outset of the litigation along the lines indicated, they would have saved virtually all of the $150,000 they spent on their own legal fees, and the fee award to plaintiff's counsel likely would have

4

resulted in a total payment of damages plus fees somewhere around the $5,500 figure that plaintiff demanded in his last pre-discovery settlement proposal. That figure was only $2,500 more than defendants were willing to offer at the time. For want of that $2,500, defendants lost the $150,000 they spent on fees, as well as the lesser but still very significant amount the Court awards in this order.

## Discussion

The Court turns to plaintiff's request for fees and defendants' objections. Plaintiff seeks attorney's fees of $116,460 (including a modest amount of law clerk / paralegal time) and $3,315 in costs. The attorney's fee component is about 77 percent of the nearly $150,000 that defendants spent on their legal fees. The comparison is somewhat rough, because defendants' total includes fees attributable to the claims against OPD, which plaintiff's counsel has removed from his fee request. But because OPS's liability was largely claimed to be vicarious, the amount of defendants' fees attributable to the claims against that entity likely were modest. In short, Trident almost certainly spent more defending against plaintiff's claims than plaintiff's counsel seeks in fees and expenses for successfully prosecuting the case against Trident. (The Court notes that plaintiff's counsel seeks fees for 326 hours of attorney time and 10 hours of law clerk / paralegal time, whereas defendants spent just short of 600 hours defending the case.)

Attorney's fees under the FDCPA are determined in the same way as under other federal fee-shifting statutes, namely, by multiplying a reasonable hourly rate for the attorney's services by the number of hours reasonably expended. *See Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424,

433–37 (1983)). "If necessary, [a] district court has the flexibility to adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id.* (internal quotation marks omitted).

Plaintiff's counsel says his reasonable hourly rate was $350 through the end of 2013 and $375 after that. He bears the burden of persuasion on whether those rates are reasonable. *Hensley*, 461 U.S. at 437. Plaintiff's counsel has carried that burden. He has been paid at comparable rates in fee-paying litigation, which is the best evidence of his appropriate hourly rate. *See People Who Care v. Rockford Bd. of Ed., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996); *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996). In addition, other judges have approved the requested rates in similar litigation, which is the next best evidence of an attorney's reasonable rate. *See* Pl.'s Mot. for Atty's Fees and Costs at 8 (citing exhibits); *People Who Care*, 90 F.3d at 1310-12.

Defendants propose for plaintiff's counsel an hourly rate of $275, but they have essentially pulled it out of the air. Their only support is a 2011 fee decision involving a different attorney in which the judge discussed a range of $200-$300 per hour for work performed in 2009-10, and a different fee award for another lawyer, at $250 per hour for work done even earlier than 2009-10. *See* Defs.' Obj. to Pl.'s Pet. for Atty's Fees at 6-7 (citing *Brown v. Patelco Credit Union*, No. 09 C 5393, 2011 WL 4375865, at *4 (N.D. Ill. Sept. 20, 2011), and *Schlacher v. Law Ofcs. of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852 (7th Cir. 2009)). Given the significant passage of time between the work done in those cases and in this case (2012-14), the lower hourly rates approved there do not

6

rebut the persuasive evidence plaintiff's counsel has offered. The Court approves counsel's proposed hourly rate of $350 for work from 2012-13 and $375 for work in 2014.

The Court also finds reasonable counsel's requested rate of $100 for paralegal / law clerk time. Defendants propose $75, but the case they cite involved work done in 2009, and thus it actually supports the $100 rate proposed by plaintiff's counsel for work his law clerk did three to five years later. *See* Defs.' Obj. at 8 (citing *Goodale v. George S. May Int'l Co.*, No. 09 C 7848, 2010 WL 2774013, at *4 (N.D. Ill. July 14, 2010)).

Defendants object to some but not most or all of the time plaintiff's counsel claims.[1] Specifically, they object to around 90 hours of the 335 claimed, a little over one-fourth of the total. The Court sustains some of defendants' objections and overrules others, using the numbering system followed in defendants' response to the motion for fees.

Points 1a-c

The Court agrees with defendants that time spent by counsel on work properly considered clerical—e-filing, mailing, and delivering—is not properly compensable, even at the $100 law clerk rate. On this basis, the Court eliminates 3.1 hours of the law clerk's time and 1.6 hours of counsel's time. On the other hand, time reasonably spent compiling exhibits on papers filed with the Court, preparing tables of contents, and the like, is properly compensable at attorney rates. The Court overrules defendants' objections to that time.

---

[1] Plaintiff's counsel says he has eliminated time spent pursuing his claim against the second defendant, OPS, and defendants do not dispute this.

<u>Points 2a-g</u>

- Having considered counsel's response and the time records, the Court disagrees with defendants' contentions regarding repetitive billing entries (point 2a) and time reviewing discovery (2b).

- The Court also rejects defendants' contention that the time counsel spent preparing plaintiff for his deposition is duplicative (2c). Counsel may have prepared plaintiff in short bursts over a period of several days, but that does not mean the preparation was duplicative.

- The Court agrees with defendants that the time spent researching certain points regarding production of fee records (2d) is duplicative and therefore cuts 2.0 of the 4.0 hours charged under that heading.

- The Court also agrees with defendants that duplicative time was spent reviewing a discovery-related letter (2e) and therefore cuts 0.4 of the 0.9 hours charged under that heading.

- On counsel's preparation of the second motion for summary judgment after defendants were allowed to withdraw their admissions, the Court agrees with defendants that certain of the time re-charged simply involved copying points from the original motion (2f). This time is not reasonably charged to defendants again, irrespective of the fact that their conduct required the do-over. The Court reduces counsel's time by 6.4 hours on this basis (1.3 + 0.9 + 1.5 + 1.2 + 1.5). The remaining time objected to, however, does not appear to be duplicative. Rather, it represents tasks accomplished over a period of days rather than all at once.

- Finally, the Court is unpersuaded that counsel performed duplicative work in responding to defendants' *bona fide* error argument (2g)

Points 3a-m

- The Court agrees that the time claimed of 6.1 hours on more-or-less standard form discovery requests is unreasonably high (point 3a) and reduces it by one-third, eliminating 2.0 hours of counsel's time.

- Plaintiff's counsel charged a total of a little over 27 hours for researching and filing plaintiff's first motion for summary judgment (3b & 3c). Having re-reviewed the motion and supporting materials, as well as counsel's time records, the Court likewise finds this time excessive and reduces it by one-third, eliminating 9.0 hours of counsel's time, not the larger reduction sought by defendants.

- By contrast, the time counsel seeks for doing research for and preparation of the refiled summary judgment motion after defendants persuaded the Court to withdraw their admission (3d & 3e) was reasonably necessary (aside from the reduction under point 2f above), and the Court overrules defendants' objections to that time.

- The Court likewise agrees with plaintiff's counsel that the time charged for motions to amend the complaint and preparations of the amendments (3f) was reasonable and properly justified.

- The same is true of the time charged for the motion to strike defendants' answer (3g). The Court is unpersuaded that this was a boilerplate form requiring less than one-half hour of counsel's time, as defendants contend.

- The Court agrees that the time spent preparing two materially identical

9

subpoenas for third party records (3h) is excessive and cuts it by one-half, eliminating 0.9 hours of counsel's time.

- The same is true of the time spent preparing a letter regarding discovery disputes (3i), for which counsel charged 3.0 hours on November 12, 2013 and 3.1 hours the following day. Half of that time is sufficient, so the Court eliminates 3.0 hours.

- The Court agrees with defendants that the time spent preparing deposition notices (3j), which are basically fill-in-the-blank forms, is excessive and therefore cuts two-thirds of that time, eliminating 1.9 hours.

- The Court overrules defendants' objections to the time charged for researching amendments to the complaint (3k); this is sufficiently justified and was not unreasonably spent.

- The Court also agrees that time should be cut from the amount billed for reviewing this district's standard-form protective order (3l) and eliminates 0.6 hours, two-thirds of the time charged.

- Finally, the Court overrules defendants' objections to certain miscellaneous entries (3), which plaintiff's counsel has properly justified and which were neither excessive nor duplicative.

The reductions described above amount to 3.1 hours of counsel's time and 1.0 hours of law clerk time under heading 1; 8.4 hours of counsel's time under heading 2; and 17.4 hours of counsel's time under heading 3. The total reductions are 28.9 hours of counsel's time and 1.0 hours of law clerk time. The Court approves plaintiff's requested expenses, to which defendants have interposed no objection.

The resulting fee award likely will be a bit over $100,000. It may seem incongruous to seek a fee award of over $115,000 for a claim whose maximum value was $1,000. It would be even more incongruous however, to allow defendants to litigate the case to the hilt and then successfully argue that plaintiff should have prosecuted it more cheaply. See, e.g., Barrow v. Falck, 977 F.2d 1100, 1104 (7th Cir. 1992); see also City of Riverside v. Rivera, 477 U.S. 561, 581 n.11 (1986) (a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.").

Even though plaintiff did not prevail on all of his claims, he obtained complete success: a judgment in his favor and the maximum statutory award. There is no basis to believe, and defendants do not argue, that plaintiff could have recovered more than $1,000 whether he won on one, two, or five claims. And given the uncertainties of litigation, the Court cannot say that it was unreasonable for plaintiff to prosecute each of his claims for relief, though they all led to the same end. In sum, the Court sees no appropriate basis to reduce the fee award beyond the reductions it has already approved.

## Conclusion

The Court grants plaintiff's motion for attorney's fees and costs [dkt. no. 163] for the reasons stated above, with certain reductions as the Court has described. Because counsel's reasonable hourly rate changed over the course of the litigation, the reductions ordered by the Court will require a bit of work to recalculate the fee award. Plaintiff's counsel is directed to recalculate the award consistent with this decision and is to submit the proposed recalculation to defendants by no later than May 7, 2015.

Defendants are to respond to plaintiff's recalculation by no later than May 12, 2015. A joint status report summarizing the proposed recalculation and any objections is to be filed by no later than May 15, 2015.

Date: May 3, 2015 _____
MATTHEW F. KENNELLY
United States District Judge